# United States Court of Appeals for the Fifth Circuit

---

No. 24-30789
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Orlanda Travon Sloan,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-233-1

---

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Orlanda Travon Sloan contests his within-Guidelines 235-months' sentence, imposed following his guilty-plea conviction for possession with intent to distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). He asserts the district court erred by: denying his request for

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a downward departure; and imposing the within-Guidelines sentence of, *inter alia*, 235 months of imprisonment.

Our court lacks jurisdiction to review Sloan's first contention. *See United States v. Fillmore*, 889 F.3d 249, 255 (5th Cir. 2018) (holding appellate court lacks jurisdiction unless "[district] court based its decision upon an erroneous belief that it lacked the authority to depart") (citation omitted). He does not maintain the court mistakenly concluded it lacked the authority to depart, and the record shows no such error.

Turning to Sloan's second contention, he asserts his sentence is substantively unreasonable because the court did not give adequate weight to certain 18 U.S.C. § 3553(a) sentencing factors. He further asserts the court should have varied below the Guidelines because of the disparate treatment between methamphetamine (for which he was charged) and a mixture containing methamphetamine.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As noted, only substantive reasonableness is in issue. For the reasons that follow, there was no abuse of discretion.

The court considered and rejected Sloan's presented bases for a lesser sentence, and he has not shown: "the sentence does not account for a factor

that should receive significant weight"; "it gives significant weight to an irrelevant or improper factor"; "or it represents a clear error of judgment in balancing sentencing factors". *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). His disagreement with the propriety of the sentence is insufficient to rebut the presumption of reasonableness that applies to his within-Guidelines sentence. *See id.*

DISMISSED in part for lack of jurisdiction; AFFIRMED in all other respects.